The opinion of the court was delivered by
Spencer, J.
Plaintiffs sue Charles J. Pickett, C. C. Pickett, James Powers, W. R. Verlander, and Cleophas Comeau as owners of the steamboat Eleta, and as commercial partners engaged in carrying persons and property for hire.
Their demand is for an account of $233 for coal furnished said boat, and the amount of a draft given to the Hibernia Insurance Company, on and accepted by plaintiffs, for $640, being for insurance on “ the hull ” of said steamer, and signed “ C. J. Pickett, for steamer Eleta and owners,” date January 12,1876.
The only defendant before us is Cleophas Comeau. His answer is a *1096 general denial. There was judgment below for him, and plaintiffs appeal. In this court he pleads the prescription of one year against the coal account.
The questions presented for our decision are:
1. Was Comeau a part owner of said steamer, and a partner in the business of running her at the time these debts were contracted ‘i
2. If so, is he liable for them in whole or part ?
The testimony on the subject of ownership is voluminous; so much so that to even recapitulate it would transcend the limits of an ordinary opinion. It satisfies us that he was a part owner, and interested in the business of running said boat from the eleventh of June, 1875, and that Roy was simply a person interposed to hold title for him.
The joint owners of a vessel are not partners. But those engaged in running them to carry persons and property for hire are commercial partners. C. C. (old) 2796; 29 A. 315.
Debts incurred, therefore, for running expenses of such vessels are partnership debts, and as to such obligations each partner is the agent of the others, and their rights and obligations are governed by the ordinary rules of commercial partnership. Their liability is solidary.
But it is different with those who are simply joint owners. As we have said, they are not partners, or governed by the rules of partnership. One of these joint owners, as such, has no authority to bind his co-proprietors by drawing drafts or notes in their name; and they will not be bound in the absence of proof of authority so to do, or of some actual and resulting advantage. ■
Applying these principles to the case before us we find that Comeau as a commercial partner would be liable for the coal bill sued for, if contracted during the existence of his connection with the firm. But the defendant contends that Comeau’s connection therewith only commenced on June 11, 1875, and such is the fact. That all coal bought after that date was paid for by payments made thereafter. We find, on inspection of the account, that the amount of coal bought after June 11 was $320, and the sums paid thereafter $320. Defendant can only be charged for items after he became a partner, and is entitled to credit for all sums paid after that event, as it is reasonable to suppose they were paid out of the partnership fund. We think, therefore, that plaintiffs can not recover on this account. It is, therefore, unnecessary to notice the defendants’ plea of prescription.
As we have seen, the draft sued upon was drawn by “ C. J. Pickett, for steamer Fleta and owners,” and was for premium for insurance on her hull. This can not by its very terms be considered a partnership debt. It purports to be for account of the owners, who, as we have seen, are not partners. It is for insurance on the hull of the boat, which *1097 is not partnership property. The partnership was in the use of the boat. It had no insurable interest in the hull. If, therefore, Comeau is liable on this draft at all, it is for only one third the amount of his interest in the boat. But he is not liable for that unless, first, he authorized Pickett to insure the boat or draw the draft; or, second, has ratified his acts, or” derived profit or advantage therefrom.
It is not pretended that he has done either of the first named things.
Has he ratified Pickett’s acts or profited thereby? So far. as this record discloses, we find no act of Comeau from which we can deduce a ratification. It is shown that when Pickett bought this boat, and before he sold to Comeau, he borrowed $5000 from A. H. May, and gave him a mortgage on the boat. That in that act he agreed and bound himself to keep the same insured for May’s benefit. That the boat was so insured, and that the premium for which said draft was given was for a renewal of that policy for May’s benefit. The loss in such cases the policy declares shall be paid to May as his interest may appear. We do not see how Comeau could have profited by that policy had the vessel been lost. Certain it is that he has never drawn advantage or profit from it. Under the proofs in this case we think plaintiffs have failed to make out a case of liability on Comeau’s part for this draft or any part of it.
. The judgment appealed from is therefore affirmed with costs of both courts.